```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

DARLA YOOS, et al                *

        Plaintiffs      *

          vs.               *   CIVIL ACTION NO. MJG-12-1696

PUBLISH AMERICA, LLLP            *

        Defendant       *

\*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

The Court has before it Defendant's Motion to Dismiss and to Strike [Document 10] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.   Summary Background

Defendant Publish America, LLLP ("PA") is a Maryland-based enterprise that offers services to authors. Plaintiffs are three authors of manuscripts who entered into contracts with PA relating to book publication. Pursuant to the contracts, Plaintiffs assigned the publishing rights to their works to PA for seven years and paid sums for various services.

In broad terms, Plaintiffs allege that PA falsely represented itself as a "traditional publisher," did not provide the services for which Plaintiffs paid, and misled them in

various manners. PA denies all allegations of impropriety on its part.

In their Class Action Complaint, Plaintiffs assert claims in three Counts:

    Count One – Federal Declaratory Judgment Act;

    Count Two – Maryland Consumer Protection Act;

    Count Three – Unjust Enrichment.

By the instant motion, PA seeks dismissal of all claims.

## II. DISMISSAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6)[1] tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. A complaint must

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.

allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009))(internal quotation marks omitted).

## III. Discussion

The instant decision pertains to the claims of the individual Plaintiffs and does not address class certification issues.  Class certification shall be considered in due course in regard to any claims of the named Plaintiffs (putative Lead Plaintiffs in a Class Action) that survive dismissal.

A.   Declaratory Judgment

The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction [with exceptions not here relevant] any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

In effect, a declaratory judgment can be thought of as a remedy that may be available to a prevailing party on the party's substantive claims. Therefore, Count One does not present free-standing claims.

As discussed on the record of proceedings held August 25, 2012, the availability to Plaintiffs of declaratory judgment relief should be considered in conjunction with, or after, the resolution of Plaintiff's substantive claims.

B.   Maryland Consumer Protection Act

For present purposes, it suffices to state that the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 et seq. ("MCPA") provides relief with regard to deceptive trade practices relating to consumer goods and service.

Plaintiffs allege that PA engaged in at least some deceptive trade practices in regard to its dealings with them.

4

However, PA asserts that Plaintiffs do not allege facts sufficient to present a plausible claim that the services at issue constitute consumer services covered by the MCPA.

The MCPA defines the term "consumer" to include "an actual or prospective purchaser . . . or recipient of . . . consumer services." Id. § 13-101(c)(1). The term "consumer services" is defined as "services which are primarily for personal, household, family, or agricultural purposes." Id. § 13-101(d).

The Complaint does not clearly, if at all, enable the Court to determine the particular factual allegations upon which Plaintiffs base the contention that the claims in Count Two would be covered by the MCPA. Indeed, Plaintiffs do not specify which of the alleged deceptive trade practices are the subjects of the MCPA claims. Plaintiffs' incorporation by reference of 120 prior paragraphs is insufficient.

As well-stated by Judge Fawsett of the Middle District of Florida, "Plaintiffs in federal court are permitted to plead in the alternative . . . but they are not permitted to plead 'in the ambiguous.'" J & J Sports Prods., Inc. v. Torres, No. 6:09-cv-391-Orl-19DAB, 2009 WL 1774268 at *3 (M.D. Fla. June 22, 2009).

Plaintiffs must note that, in considering whether each Plaintiff is a "consumer" for purposes of any MCPA claim, it may be pertinent to consider the Plaintiff's particular

5

circumstances and the particular consumer services as to which relief is sought.

Each Plaintiff simply alleges his/her name, place of residence and that he/she contracted with PA to publish a book. Plaintiffs do not allege facts relating to their pertinent background and cannot – on the face of the pleading – be assumed to be seeking publication "primarily for personal," as distinct from commercial, purposes.

Moreover, a particular good or service cannot be said, in the absence of a particular context, to be a consumer good or service. For example, a can of beans bought for home consumption would be a consumer good. However, the same can of beans bought by the owner of a restaurant for sale to customers may not be. Similarly, a house cleaning service for a resident homeowner would be a consumer service but the same service for the landlord owner of a rented house may not be.

Also, PA contends that at least some of the alleged "consumer services" are services that cannot plausibly be considered primarily for personal purposes, e.g., services relating to the sales, rather than literary aspects, of a book. The Court is not now addressing the question of whether any such services necessarily are non-consumer services. However, in an Amended Complaint, Plaintiffs should allege facts sufficient to

present a plausible claim that the services in issue are consumer services.

In sum, Count Two must be redrafted to clearly and unambiguously indicate the factual allegations on which Plaintiffs contend they have made a plausible claim for treatment of themselves as consumers and treatment of the services at issue as consumer services.

### C.   Unjust Enrichment

Although Plaintiffs are basing their suit on the formation and operation of their contract(s) with PA, they present a non-contractual unjust enrichment claim.  They contend this is proper because PA committed fraud in the formation and maintenance of the contracts.  See Kwang Dong Pharm. Co. v. Myun Ki Han, 205 F. Supp. 2d 489, 497 (D. Md. 2002).

However, Plaintiffs do not specify which of PA's actions and inactions are relied upon to establish fraud or bad faith. In ¶ 125 of the Complaint, Plaintiffs incorporate by reference "all preceding paragraphs."  In the remainder of the paragraphs in Count Three, Plaintiffs do not expressly state that PA acted fraudulently or in bad faith but provide conclusory allegations that it would be inequitable for PA to retain publication rights and payments.  In the Opposition to the instant motion, Plaintiffs state that they "allege just such fraud or bad faith.

7

See, e.g., ¶¶ 117-18, 24-25 [of the Complaint]." Opp'n 31. However, paragraphs 117-19 include sweeping references to PA's "representations on its websites and other promotional materials" without enlightenment as to which representations and which materials are being relied upon. Plaintiffs' reference to "24-25" may be a typographical error. Paragraphs 24 and 25 of the Complaint present published articles critical of PA. It is unlikely that Plaintiffs were referring to paragraphs 124 and 125 of the Complaint. Paragraph 124 states that Plaintiffs seek damages on their MCPA claims. Paragraph 125 is, as noted above, an incorporation by reference of the contents of all of paragraphs 1 through 124.

Count Three must be redrafted to present clearly and unambiguously the alleged facts on which the claim is based, with appropriate specificity in regard to allegations of fraud.

    D.    <u>The Omitted Claims - Breach of Contract and Fraud</u>

Plaintiffs, understandably, would prefer to have the case proceed as a class action rather than one based on their individual claims. However, at present, the Court must defer considerations of class certification until the putative class claims are identified and survive PA's dismissal motion.

Plaintiffs are, obviously, well aware of the allegations that they can now make to present claims for breach of contract

and fraud.  Plaintiffs can, if they choose, include their breach of contract and/or fraud claims in an Amended Complaint.  Or, Plaintiffs can file an Amended Complaint that omits these claims.  However, they cannot omit their breach of contract and fraud claims from an Amended Complaint, await rulings based on that pleading, and expect to be granted leave to file a Second Amended Complaint presenting the intentionally omitted claims.

E.   Motion to Strike

PA seeks to have the Court strike from the Complaint paragraphs 23 through 35 that present allegedly irrelevant derogatory comments about it.

Paragraphs 23 through 33 and 35 present excerpts from published writings presenting opinions derogatory to PA that appear to be excludable from evidence on at least hearsay grounds.  Paragraph 34, while referring to a published item, makes the potentially material factual allegation that the elimination of negative reviews from the PA website perpetuates deceptive business practices.

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  However, "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and

9

because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted).

PA's motion to strike is not a dilatory tactic and paragraphs 23 through 33 and 35 are immaterial and, while not literally "scandalous," constitute gratuitous slamming of PA. Nevertheless, the said paragraphs are quotations from publications that, no doubt, had far wider circulation than the Complaint ever will.  Indeed, the Complaint is hereby being dismissed, will be superseded by an Amended Complaint, and is unlikely to cause any harm to PA.

Under the circumstances, the Court will not go through the meaningless exercise of striking the paragraphs at issue. However, the Court will prohibit the inclusion of these paragraphs in an Amended Complaint absent a showing of materiality.

IV.  CONCLUSION

For the foregoing reasons:

    1.   Defendant's Motion to Dismiss and to Strike [Document 10] is GRANTED IN PART.

    2.   The Complaint is dismissed without prejudice.

    3.   By September 30, 2012, Plaintiffs may file an Amended Complaint consistent herewith.

   a. The Amended Complaint shall include any claims Plaintiffs may seek to assert in the instant case for common law fraud and breach of contract.

   b. The Amended Complaint shall not include the contents of ¶¶ 23-33 and 35 of the Complaint except to the extent the Court may, on motion, permit supplementation of the Amended Complaint to include such matters.

SO ORDERED, on <u>Tuesday, September 4, 2012</u>.

<pre>
                    _____/s/_____
                    Marvin J. Garbis
               United States District Judge
</pre>